UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21706-BLOOM/Otazo-Reyes

ADRIAN G. BROCKINGTON,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI,
DADE COUNTY, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon the Motion to Dismiss Plaintiff's Complaint, ECF No. [15] ("Motion"), filed by Defendants the School Board of Miami Dade County, Leon Maycock, and Carmen Molina ("Defendants"). *Pro se* Plaintiff Adrian G. Brockington ("Plaintiff") filed a Response in Opposition, ECF No. [16] ("Response"). Defendants did not file a permissive Reply. The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

On May 5, 2023, Plaintiff initiated this action. *See* Complaint, ECF No. [1]. Plaintiff asserts five counts: retaliation in violation of the Americans with Disabilities Act (Count I), violation of the Uniformed Services Employment and Reemployment Rights Act (Count II), hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (Count III), violation of the Fair Labor Standards Act (Count IV), and violation of the Family Medical Leave Act (Count V). ECF No. [1].

Case No. 23-cv-21706-BLOOM/Otazo-Reyes

According to the Complaint, Plaintiff is employed by the School Board of Miami Dade County as a Junior Reserve Officer Training Corps ("JROTC") Instructor. *Id.* ¶ 2. He is a veteran of the United States Army. *Id.* ¶ 76. He is also recognized as a disabled individual under the Americans with Disabilities Act. *Id.* ¶ 64.

In August 2021, Plaintiff reported to the Chief of the Sixth Brigade for the JROTC that Mr. Alford (another JROTC instructor) received a monetary supplement despite not maintaining a drill team. *Id.* ¶ 11. Plaintiff states that from this point, he experienced harassment and retaliation. *Id.* ¶ 12. Plaintiff received an email for five consecutive absences from school, which Plaintiff says were scheduled in advance. *Id.* ¶ 24. This email was followed by the issuance of "Attendance Directives," which were intended to punish Plaintiff. *Id.* ¶ 83. The Attendance Directives set forth rules and guidelines for Plaintiff's future attendance and penalties for missing work. ECF No. [1-2] at 19. Plaintiff was retroactively granted leave under the Family Medical Leave Act to attend his cousin's funeral services and mandatory Veterans Affairs ("VA") appointments, but Defendant Maycock did not remove the Attendance Directives from his record. *Id.* ¶¶ 24, 43. Further, Plaintiff was removed from the school and placed on alternate assignments to complete from home. ECF No. [1] ¶¶ 79, 80. Plaintiff also alleges that the Defendants filed false allegations and civil rights complaints against him. *Id.* ¶ 79. He additionally claims that racially discriminatory remarks were made in an auditorium that led to multiple complaints by teachers. *Id.* ¶¶ 88, 89. Lastly, Plaintiff was forced to teach other classes ("Edgenuity") outside of JROTC in order to keep his job. *Id.* ¶ 15

Defendants argue that (a) the Complaint should be dismissed as a shotgun pleading, and (b) none of the five Counts state a claim upon which relief may be granted. ECF No. [15].

Plaintiff filed a Response, in which he asserts the sufficiency of the claims within the Complaint and contends that the Complaint is not an improper shotgun pleading. ECF No. [16]

## II. LEGAL STANDARD

### A. *Failure to State a Claim*

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### B. *Pleadings*

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A

party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b).

### C. *Pro Se Litigants*

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

### III. DISCUSSION

The Court begins with the Motion to Dismiss for failure to comply with Rule 10(b) of the Federal Rules of Civil Procedure. It then turns to each of the five Counts.

### A. Shotgun Pleading

There are four rough types of shotgun pleadings. *See Barmapov*, 986 F.3d at 1324. Defendants argue that Plaintiff's Complaint falls within two types of shotgun pleadings. First, the Complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). Second, the Complaint commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiff responds that Federal Rule of Civil Procedure 10(b) only requires that a complaint state claims in numbered paragraphs limited to a single set of circumstances. ECF No. [16] at 2. Plaintiff does not directly address the specific arguments given by Defendants.

The Court agrees with Defendants that each Count of the Complaint plainly adopts the allegations of all preceding counts. Moreover, Count III, Count IV, and Count V fail to specify which Defendants are responsible for the alleged misdoing. For those reasons, the Complaint is subject to dismissal as a shotgun pleading.

Nonetheless, in the interest of avoiding unnecessary rounds of amended pleadings, the Court will proceed to consider Plaintiff's individual Claims.

**B. Count I: Retaliation in Violation of the Americans with Disabilities Act (ADA)**

In Count I, Plaintiff alleges that the Defendants retaliated against him due to his disabilities in violation of the ADA. ECF No. [1] at 23. Specifically, Plaintiff alleges that Leon Maycock retaliated when he sent a letter of concern to Plaintiff via email without consultation. ECF No. [1] ¶ 68. This email was in regard to multiple absences by Plaintiff. *Id.* ¶ 24.

In the Motion, Defendants move to dismiss the Count for multiple reasons: (a) the ADA cannot hold individual administrators liable; (b) Plaintiff did not partake in a statutorily protected expression; and (c) Plaintiff has not alleged a proper adverse employment action. ECF No. [15] at 4-5.

Plaintiff responds that the Attendance Directives are the basis for this Count. However, the Court is limited to only looking to the four corners of the Complaint when assessing the sufficiency of the Complaint's allegations. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Plaintiff does not allege in the Complaint what specific actions constitute retaliation for this suit and only provides this answer in the Response. *See generally,* ECF No. [1].

Plaintiff additionally argues that school administrators can be sued as individuals under the ADA. ECF No. [16] at 2. However, Plaintiff cites an out-of-circuit district court decision that does not follow the rule of this circuit. *Compare Goleta Union Elementary School Dist. v. Ordway*, 248 F. Supp. 2d 936 (C.D. Cal. 2002), *with Mason*, 82 F.3d at 1009. Further, Plaintiff cites Florida Whistleblower statutes as a form of protected expression. Fla. Stat. § 112.3187. However, whistleblowers that expose monetary fraud unrelated to disabilities are not protected under the ADA and such statutes do not support this Count. 42 U.S.C. § 12112(a) (prohibiting discrimination "on the basis of disability").

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A prima facie case of retaliation under the ADA requires a plaintiff to allege (a) the engagement in a statutorily protected expression, (b) the suffering of an adverse employment action, and (c) the adverse action is causally related to the protected expression. *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004). To show that an employment action is adverse, "'[a]n ADA plaintiff must demonstrate that a reasonable person in his position would view the . . . action in question as adverse.' We have said that '[a]n employment action is considered "adverse" only if it results in some tangible, negative effect[.]'" *Id.* (quoting *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1181 (11th Cir. 2003) (alteration in original)).

The Court agrees with Defendants that Count I is deficient in several respects. First, with regard to statutorily protected expression, Plaintiff alleges that he complained about a colleague collecting funds improperly. ECF No. [1] ¶ 67. This allegation lacks any connection to disability discrimination, which is what the ADA protects. 42 U.S.C. § 12112(a). Second, Plaintiff failed to

allege that the Attendance Directives "result[ed] in some tangible, negative effect" on Plaintiff in any capacity. *See Higdon*, 393 F.3d at 1219 (quoting *Schotz*, 344 F.3d at 1183). Lastly, the two individual Defendants cannot be sued as individuals under the ADA in this Circuit. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (noting that this is a minority view only held by one other Circuit apart from the Eleventh Circuit).

### C. Count II: Violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA)

In Count II, Plaintiff alleges that Defendants engaged in discriminatory conduct in violation of USERRA. ECF No. [1] ¶ 75. In support of this claim, Plaintiff alleges that Defendants filed false allegations and false civil rights complaints against him and removed him from the school to be placed on alternate assignments. *Id.* ¶ 79.

Defendants argue that Plaintiff failed to allege that his military membership was the motivating factor for the alleged harassment. ECF No. [15] at 6. Further, Plaintiff failed to identify a proper adverse employment action. *Id.*

Plaintiff responds that the Defendants carry the burden of proof that the adverse action would have been taken in absence of Plaintiff's military service. ECF No. [16] at 4. Additionally, Plaintiff argues that if he did not serve in the military, Defendants would not have been able to interfere with his VA appointments. *Id.*

Under 38 U.S.C. § 4311(b), "an employer may not discriminate on the basis of veteran status when the veteran: (a) has taken an action to enforce a protection afforded to any person under [USERRA], (b) has testified or otherwise made a statement in or in connection with any proceeding under [USERRA], (c) has assisted or otherwise participated in an investigation under [USERRA], or (d) has exercised a right provided for in [USERRA]." "An employer shall be considered to have engaged in actions prohibited . . . if the person's . . . exercise of a right provided

7

for in this chapter, is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's enforcement action, testimony, statement, assistance, participation, or exercise of a right." 38 U.S.C. § 4311(c)(2); *see e.g.*, *Ward v. United Parcel Service*, 580 F. App'x 735, 738 (11th Cir. 2014) (holding that a prima facia case of USERRA discrimination was not established). To make a *prima facia* case of discrimination under USERRA a plaintiff must allege facts that show his military status was a motivating factor in the employment decision. *See Ward,* 580 F. App'x at 738.

The Court agrees with Defendants that Plaintiff failed to set forth a *prima facia* USERRA claim. Plaintiff's argument in his Response—that Defendants would not have been able to interfere with his VA appointments if he was not a veteran—is not alleged in the Complaint. In evaluating Defendants' Motion to Dismiss, the Court is limited to the allegations within the four corners of Plaintiff's Complaint. *See Wilchombe*, 555 F.3d at 959. The Complaint fails to set forth a *prima facie* case of retaliation under USERRA because it fails to allege that any retaliation was related to Plaintiff's veteran status. *See id*.

### D. Count III: Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964

In Count III, Plaintiff alleges that Defendants created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Plaintiff alleges that he acted as a whistleblower when he participated in the protected activity of reporting fraud, waste, and abuse. ECF No. [1] ¶ 86. Plaintiff further alleges that Defendants retaliated against him by filing false civil rights complaints against him, *id.* ¶ 87, and on one occasion a Social Studies teacher made a racially motivated joke during a school assembly. *Id.* ¶ 88.

Defendants first argue that there is no individual responsibility under Title VII, and, accordingly, the two individual Defendants must be dismissed. ECF No. [16] at 6. Second,

Defendants argue that Plaintiff failed to plead the elements of a Title VII hostile work environment claim. *Id.* at 7. They assert that Plaintiff has not identified a protected group (under Title VII) that he belongs to, has not suffered pervasive and severe harassment (there was only one remark made generally in an auditorium), failed to allege that his membership in a protected group motivated the harassment, and the employer did not know nor have reason to know of the harassment. *Id.* at 8.

In Response, Plaintiff cites *Gomez v. Toledo*, 46 U.S. 635, 638 (1980), to demonstrate that individuals can be sued if they act under color of state law pursuant to 42 U.S.C. § 1983. Further, Plaintiff responds that he is a part of a protected class because of his disability. ECF No. [16] at 6. Plaintiff also argues that because the Complaint realleges paragraphs 1-84, he alleged a collection of actions rather than just one incident. *Id.*

"It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). For a plaintiff to state a hostile work environment claim he must allege: (a) that he belongs to a protected group; (b) that he has been subject to unwelcome harassment; (c) that the harassment must have been based on a protected characteristic of the plaintiff; (d) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (e) that the employer is responsible for such environment under either a theory of vicarious or direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Lastly, individual suits under Title VII are inappropriate and any relief must be through the employer. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

Plaintiff has not alleged that he falls into a protected class under 2 U.S.C. § 2000e-2. As stated above, workplace discrimination must be related to race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Disability-based discrimination does not fall under this class. As a result, Plaintiff failed to allege the first element of a hostile work environment claim, that he is a part of a protected group and, thus, failed to allege discrimination based on membership to that group. *See Miller,* 277 F.3d at 1275. Plaintiff also fails to allege pervasive or severe harassment. *See id.* Separately, Plaintiff fails to list Defendants responsible for Count III in the Complaint.

### E.  Count IV: Violation of the Fair Labor Standards Act (FLSA)

In Count IV, Plaintiff alleges that Defendants violated the FLSA by refusing to pay him for teaching "Edgenuity," refusing to provide him with required planning periods, and denying him rights provided under the FLSA. ECF No. [1] ¶ 97.

Defendants argue that Plaintiff has not alleged that he was denied minimum wage or overtime compensation or any other legitimate violation of the FLSA. ECF No. [15] at 9. Defendants additionally argue that teachers are exempt under the FLSA, and, as a result, Plaintiff cannot bring a claim based on the FLSA.

Plaintiff responds that he "was bullied into teaching Edgenuity courses," in violation of a JROTC Program document. ECF No. [16] at 8. He does not meaningfully respond to Defendants' argument that he is exempt from the FLSA.

The FLSA's minimum wage and overtime protections do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity[.]" 29 U.S.C. § 213(a)(1). Secondary school teachers are expressly listed as exempt pursuant to the statute, *id.*, and the Department of Labor's regulations define "teachers" broadly to include individuals teaching any subject at a secondary school pursuant to any type of teaching certificate.  29 C.F.R.

§ 541.303. Plaintiff "is certified in JROTC/Leadership," and he is teaching at a secondary school. ECF No. [16] at 9. He therefore falls squarely within the FLSA's exemption for teachers. *See Keith v. Univ. of Miami*, 437 F. Supp. 3d 1167, 1172 (S.D. Fla. 2020). "Because Plaintiff is explicitly exempt and therefore not covered by the FLSA, Plaintiff's cause of action under the FLSA is futile." *Id*. at 1173 (citation omitted).

### F. Count V: Violation of the Family Medical Leave Act (FMLA)

In Count V, Plaintiff alleges that Defendants engaged in discriminatory conduct in violation of the FMLA by refusing to allow Plaintiff to use his intermittent leave. ECF No. [1] ¶ 100. Plaintiff alleges that despite retroactively approving his leave, Maycock still left the Attendance Directives in effect. *Id.* ¶ 101. Lastly, Plaintiff alleges that Defendants acted with deliberate disregard of the law. *Id.* ¶ 102.

Defendants argue that Plaintiff has not alleged that he was damaged by the Attendance Directives. ECF No. [15] at 10. Further, Defendants argue that, to the extent that Plaintiff is seeking the removal of the Attendance Directives from his record, doing so is in violation of Florida law. *Id.*

Plaintiff responds that he has properly pled claim of FMLA retaliation. ECF No. [16] at 9. Plaintiff argues that he was denied the benefit of his intermittent leave and unused sick days. However, this allegation of lost sick days is alleged within Plaintiff's Complaint.

There are two types of claims under the FMLA: a retaliation claim and an interference claim.[1] *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1352 (11th Cir. 2000). An interference claim requires that a plaintiff allege that he is entitled to the benefit he claims, and that his employer interfered with or denied that benefit. *See id.* at 1353. "The employee 'does not

---

[1] The Complaint is unclear as to whether Plaintiff intends to set forth a retaliation or interference FMLA claim.

have to allege that his employer intended to deny the right; the employer's motives are irrelevant.'" *Leach v. State Farm Mut. Auto. Ins. Co.*, 431 Fed. App'x. 771, 776 (11th Cir. 2011) (quoting *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1208 (11th Cir. 2001)).

To set forth a retaliation claim, a plaintiff must properly allege that "(1) [he] engaged in statutorily protected activity, (2) [he] suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." *Jones v. Gulf Coast Health Care of Delaware*, 854 F.3d 1261, 1271 (11th Cir. 2017) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973) (alteration in original)).

The Court agrees with Defendants that Plaintiff has not properly alleged any harm that resulted from the Attendance Directives remaining in effect. As such, Plaintiff has not properly alleged damages due to retaliation and has not stated a claim upon which relied may be granted. *See id.* Relatedly, Count V lacks a factual allegation as to how the existence of the Attendance Directives on Plaintiff's record denies Plaintiff a benefit under the FMLA. *See O'Connor*, 200 F.3d at 1352. According to the Complaint, Plaintiff took leave, was retroactively approved of the leave, and returned to his previous position. *See generally* ECF No. [1]. As a result, Plaintiff also failed to state a claim for interference because he fails to allege what FMLA benefit he was denied. *See O'Connor*, 200 F.3d at 1352.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants 's Motion, **ECF No. [15]**, is **GRANTED**.

2. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff has leave to file an Amended Complaint before **August 7, 2023.**

4. Failure to file an Amended Complaint by the stated deadline will result in dismissal of this case without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 19, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Adrian G. Brockington**
7801 NW 4th Ave.
Miami, FL 33150
404-797-7462
Email: adrian062011@gmail.com